UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

XIANG LI,

    Plaintiff,

v.                                                      Case No. 14-10360

ERIC HOLDER, JR.,                     HON. AVERN COHN

    Defendant.
_____/

**ORDER
GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS
AND
DISMISSING COMPLAINT**

I.

Plaintiff Xiang Li, proceeding pro se, has filed a complaint naming as defendant Eric Holder, Jr. in his official capacity as Attorney General of the United States. Plaintiff seeks a declaratory judgment that Title 18 U.S.C. § 875(c) (Interstate communications) is unconstitutional. On May 19, 2008, Plaintiff was convicted in the Northern District of New York of eleven counts of transmitting threats by interstate commerce in violation of § 875(c).[1] As best as can be gleaned by Plaintiff's complaint, he seeks a declaration that § 875(c) is unconstitutional on its face and as it was applied in his case. For the reasons

---

[1] The case is United States of America v. Xiang Li, No. 5:07-cr-00272 (N.D. N.Y. May 19, 2008). Plaintiff appealed his conviction. See United States v. Li, 381 F. App'x 38 (2d Cir. 2010). After the Second Circuit affirmed the conviction, Plaintiff sought review in the United States Supreme Court; it was denied. See Li v. United States, 131 S.Ct. 613 (2010), rehearing denied 131 S.Ct. 990 (2011).
    Plaintiff also filed a petition for writ of habeas corpus. The petition was denied by the district court. United States of America v. Xiang Li, No. 5:07-CR-272 (N.D. N.Y. July 7, 2011) (Doc. 147). The Second Circuit dismissed Plaintiff's appeal, denying him a certificate of appealability because he did not make a "substantial showing of the denial of a constitutional right." Id. at (Doc. 155) (citing 28 U.S.C. 2253(c)(2)).

that follow, the complaint will be dismissed for failure to state a claim.

II.

Plaintiff has not filed an application to proceed in forma pauperis. Nor has Plaintiff paid the filing fee. However, Plaintiff's complaint states that he is indigent. For example, the complaint states that, due to Plaintiff's "poverty," "he can only refer to the locations of the documents which he uses as exhibits in this action." He is currently incarcerated at the Moshannon Valley Correctional Center in Philipsburg, Pennsylvania. Although Plaintiff has not filed an affidavit to proceed in forma pauperis, the Court construes the representations in Plaintiff's complaint as an application to proceed in forma pauperis. Under 28 U.S.C. § 1915, the Court GRANTS Plaintiff in forma pauperis status.

III.

Under 28 U.S.C. § 1915 (e)(2)(B) a court may dismiss a complaint at any time if it determines that the case is frivolous or malicious, that the plaintiff fails to state a claim upon which relief may be granted. A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In determining whether a complaint is frivolous, the Court must read pro se complaints indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

IV.

To the extent that Plaintiff seeks to have his convictions vacated by way of this civil action asking for a declaratory judgment, his complaint is subject to dismissal because he is seeking this Court's review of issues that have already been decided by other courts.

Plaintiff presented his claims in a direct appeal and in a petition for writ of habeas corpus. His claims were rejected.

In addition, Plaintiff's position that § 875(c) is unconstitutional, both on its face and as applied to him, is without merit. The Second Circuit addressed this issue in Plaintiff's direct appeal:

> With respect to his challenge to the constitutionality of § 875(c), we are bound by our prior decisions holding that provision constitutional, as it criminalizes only true threats. See United States v. Francis, 164 F.3d 120, 122–23 (2d Cir. 1999); United States v. Kelner, 534 F.2d 1020, 1028 (2d Cir. 1976). Similarly our precedent provides that the statute is constitutional even though there is no requirement that the Government prove that the defendant intended to carry out his threats. See Francis, 164 F.3d at 122–23.
>
> In addition to reiterating that the statute of conviction is constitutional, we hold that the conviction is supported by sufficient evidence. . . .

Li, 381 F. App'x at 39.

For these reasons, the complaint is DISMISSED. The Court certifies that any appeal from this decision could not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

SO ORDERED.

    s/Avern Cohn
UNITED STATES DISTRICT JUDGE

Dated: February 11, 2014

I hereby certify that a copy of the foregoing document was mailed to the attorneys/parties of record on this date, February 11, 2014, by electronic and/or ordinary mail.

    s/Carol Bethel for Sakne Chami
Case Manager, (313) 234-5160